# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7295 | **DATE** | 2/5/2004 |
| **CASE TITLE** | Thomas J. Moriarty v. K & M Plastics | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss (4) is granted. Plaintiff's complaint is dismissed without prejudice. Leave of court is given to the plaintiff to file an amended complaint on or before February 18, 2004. Enter memorandum and order.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 26 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | '04 FEB -5 PM 3:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THOMAS J. MORIARTY, Trustee, on behalf of TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND,<br><br>Plaintiff,<br><br>v.<br><br>K & M PLASTICS, INC.,<br><br>Defendant. | Case No. 03 C 7295<br><br>George W. Lindberg<br>Senior United States District Judge |

**DOCKETED FEB -6 2004**

### MEMORANDUM AND ORDER

On October 15, 2003, Plaintiff Thomas J. Moriarty filed a complaint against Defendant K & M Plastics, Inc. seeking, *inter alia*, any delinquent contributions, interest, and/or liquidated damages owed to the Teamsters Local Union No. 727 Health and Welfare and Legal and Educational Assistance Funds (collectively, the "Funds") under various collective bargaining and trust agreements. In response, Defendant has filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). Defendant's motion is hereby granted.

*Analysis*

Federal Rule of Civil Procedure 12(b)(6) permits a party to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, courts are cautioned that "[a] claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citation omitted). When making this determination, courts must "accept as true all of the well-pleaded factual allegations in the plaintiff's

complaint...[and] draw all reasonable inferences in the plaintiff's favor." *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002) (citation omitted); *Alvarado*, 267 F.3d at 651 (same). Additionally, Defendant bears the burden of establishing "the legal insufficiency of the complaint." *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990) (citation omitted). Here, Defendant has satisfied its burden.

Defendant argues that "[t]he instant Complaint...states no basis for or need to invoke the Court to enforce [Defendant's] compliance with the [collective bargaining agreement] or, for that matter any other obligation, statutory or otherwise." In support, Defendant notes that, *inter alia*, (1) "no delinquencies, non-compliance with any audit[,] or breach of any kind are alleged[,]" (2) Plaintiff does not "state any claim for damages[,]" and (3) Plaintiff has no "basis or knowledge that [Defendant] has somehow caused an actionable harm or avoided an obligation." Defendant's argument is well-taken.

The complaint alleges that Defendant is "a signatory to a series of collective bargaining agreement(s)" and "obligated under [those] agreements to make specified monthly contributions to the Funds for work performed by employees...." Additionally, the complaint explains that "an audit of [Defendant] for the period August, 1993 through the present" has been authorized. However, Plaintiff does not allege that Defendant has violated, breached, or otherwise failed to comply with any statutory or contractual obligation. Nor does Plaintiff ever state a claim for damages. Because of these omissions Plaintiff's complaint does not state any claim upon which relief may be granted. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) ("It is true that all that the federal rules require of a complaint is that it put the defendant on notice of the plaintiff's claim; but notice implies some minimum description of the defendant's

2

complained-of conduct.").

Although "federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim." *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996); *see also Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) ("The 'liberal construction accorded a pleading...does not require the courts to fabricate a claim that a plaintiff has not spelled out in his pleadings.'") (citation omitted). Moreover, a court may dismiss a complaint "when the plaintiff[] make[s] it clear that [she] do[es] not plan to prove an essential element of [her] case." *LaPorte County Republican Cent. Comm. v. Bd. of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citation omitted). Here, Plaintiff's premature complaint does not (1) allege the commission of a legal wrong or an unlawful act or (2) place Defendant on notice as to the nature of Defendant's complained-of conduct. *See Board of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) (Even in ERISA cases, the complaint must "notif[y] the defendant of the claim's nature.") (citation omitted). Indeed, the complaint fails to provide the very information that would allow Defendant to begin preparing its defense to Plaintiff's suit. *See Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002) (notice pleading "enable[s the defendant] to prepare his defense") (citation omitted). In such cases, dismissal is appropriate. *See Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999) ("[A] complaint must allege facts bearing on all material elements 'necessary to sustain a recovery under some viable legal theory.'") (citation omitted); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) ("At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law....") (citation omitted); *Sutton v. E. Viavi Co.*, 138 F.2d 959, 960 (7th Cir. 1943) ("No claim for

3

relief is stated if the complaint pleads facts insufficient to show that a legal wrong has been committed, or omits an averment necessary to establish the wrong or fails so to link the parties with the wrong as to entitle the plaintiff to redress.") (citation omitted).

Plaintiff makes a number of concessions that reinforce the propriety of dismissal. For example, Plaintiff readily acknowledges that (1) his complaint "omits to mention that the delinquencies it seeks in the prayer for relief are those revealed by the audit" and (2) "it is possible that the audit might not reveal a single oversight or miscalculation by Defendant in ten years of making contributions...." Even when liberally interpreted, Plaintiff's complaint fails to set forth any "well-pleaded factual allegations" concerning the existence of a legal wrong or unlawful act. Therefore, no fact or inference in support of Plaintiff's allegations could possibly entitle Plaintiff to the relief he requests.[1] *See First Ins. Funding*, 284 F.3d at 804; *Alvarado*, 267 F.3d at 651.

In light of this finding, there is no need to determine whether the complaint complies with Federal Rule of Civil Procedure 8 or conduct any further analysis.

**ORDERED:** Defendant's motion to dismiss [4] is granted. Plaintiff's complaint [1] is dismissed without prejudice. Because the defects in Plaintiff's complaint may be remediable, Plaintiff is granted leave to file an amended complaint on or before February 18, 2004. Failure to

---

[1] Plaintiff cites to *Iron Workers' Local No. 25 Pension Fund v. Nyeholt Steel, Inc.*, 946 F. Supp. 514 (E.D. Mich. 1996) to support his argument that "it is...hardly unusual to file an ERISA action seeking delinquent contributions prior to the completion of the audit that will detail those contributions." However, *Nyeholt* may be distinguished. The *Nyeholt* court made clear that "the Complaint contain[ed] glaring, bright-line, and repeated allegations that Nyeholt is overdue in making fringe benefit contributions and blatantly cite[d] to the appropriate ERISA provisions that entitle the Trust Funds to relief for the same." *Id.* at 517. Moreover, the plaintiffs in that case alleged "that Nyeholt breached its contractual obligations under the [collective bargaining agreement] by prohibiting a thorough audit of Nyeholt's pertinent books and records...." *Id.* at 515. Here, Plaintiff has made no such allegations.

4

do so will result in the dismissal of Plaintiff's action.

**DATED:** FEB 5 2004      **ENTER:** *[signature]*
HON. GEORGE W. LINDBERG
United States District Judge

5